D. R. JOHNSTON v. JAMES R. GILLEY AND SMITH W. BAGLEY

No. 8026SC531

(Filed 6 January 1981)

1. **Constitutional Law § 24.6; Process § 9— long arm statute — personal jurisdiction over defendant**

   In an action to recover against defendants as guarantors of plaintiff's employment contract, G.S. 1-75.4(5) authorized *in personam* jurisdiction over one defendant where the facts tended to show that in April 1973 defendant was a resident of Forsyth County and a principal shareholder, officer, and director of the Washington Group, Inc., an N.C. corporation; in April 1973 Washington Mills-Retail, Inc., an N.C.

Johnston v. Gilley

corporation and a subsidiary of the Washington Group, acquired all or substantially all of the capital stock of Johnston Mills Company, and in the process, entered into an employment agreement with plaintiff; the agreement in pertinent part provided for the employment of plaintiff for a period of 18 years and required him to provide specified services, some of which were to maintain liaison between Johnston Mills and banks in the metropolitan Charlotte, N. C. area; it also required him to maintain an office in the metropolitan Charlotte area; these provisions specifically included services to be performed in N. C., and were themselves sufficient to bring the case within the provisions of the long arm statute; in addition, the contract called on plaintiff to perform a variety of other services, which included serving as an officer or director of Johnston Mills, Washington Retail, and the Washington Group, all N.C. corporations, and assisting Johnston Mills in its relations with city, county, and state governments; and these contractual provisions clearly implied services to be performed to some extent in N. C.

## 2. Process § 9.1— nonresident defendant — minimum contacts — personal jurisdiction over defendant

In an action to recover against defendants as guarantors of plaintiff's employment contract, one defendant had sufficient minimum contacts with N.C. to justify the trial court's exercise of *in personam* jurisdiction where the evidence tended to show that, at the time the contract was entered into, defendant resided in this State; he participated in the management of N. C. corporations which acquired the stock of another N. C. corporation which allegedly was supposed to hire plaintiff; it was thus clear that defendant's contacts with the employer and plaintiff, the employee, were neither casual nor fortuitous; as a guarantor of the promises made by the employer and another N. C. corporation, defendant manifested a direct and substantial interest in the transactions, purposely availed himself of the privilege of conducting activities within N. C., and invoked in one aspect or another the benefit and protection of the laws of N. C.; and these were mutual promises and obligations entered into by people residing in the State and corporations chartered by the State. Moreover, there was no merit to defendant's argument that, because he moved out of the State in 1975 and has not resided in the State since then, the constitutionally required minimum contacts no longer exist and jurisdiction is thereby defeated, since the minimum contacts standard can be reasonably applied only to the circumstances and events giving rise to the promises referred to in G.S. 1-75.4(5), and not to the circumstances giving rise to a breach; nor was there merit to defendant's argument that because he was a guarantor of employer's contract, his obligation to plaintiff, if any, was to pay the debt of another and not to pay for plaintiff's services and he was therefore not a defendant who had promised to pay for services as that term is used in G.S. 1-75.4(5), since a guarantee of payment is an absolute promise, a direct and original undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of default of another person who is liable for such payment or performance in the first place.

APPEAL by defendant from *Ferrell, Judge.* Order entered 13 February 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 December 1980.

This action was brought by plaintiff against defendants as guarantors of an employment contract between plaintiff and Johnston Mills Company (Johnston Mills). In his complaint, plaintiff alleged that defendant Gilley is a resident of Forsyth County, North Carolina and that defendant Bagley is a resident of Forsyth County, or Washington, D.C., or both places. Plaintiff further alleged the execution of the contract by Johnston Mills, the execution of the guarantee of the contract by the defendants, and default by Johnston Mills. He prayed for judgment against the defendants, jointly and severally. Service of process was obtained by registered mail, pursuant to the provisions of G.S. 1A-1, Rule 4(j)(9)b of the Rules of Civil Procedure.

Defendant Bagley moved to dismiss for lack of jurisdiction over the person of defendant Bagley and for insufficiency of service of process. Following a hearing, Judge Ferrell entered an order denying Bagley's motion, from which order Bagley has appealed.

*Caudle, Underwood & Kinsey, P.A., by Lloyd C. Caudle and John H. Northey III, for the plaintiff appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Hubert Humphrey and Reid L. Phillips, for the defendant appellant.*

WELLS, Judge.

Defendant Bagley argues that the trial court erred (1) in concluding that G.S. 1-75.4(5)[1] authorized the trial court to exercise *in personam* jurisdiction over him; and (2) that the trial court erred in conclud-

---

[1] G.S. 1-75.4(5), commonly referred to as the "long arm" statute, provides in pertinent part as follows:

(5) Local Services, Goods or Contracts.--In any action which:
    a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; or
    b. Arises out of services actually performed for the plaintiff by the defendant within this State, or services actually performed for the defendant by the plaintiff within this State if such performance within this State was authorized or ratified by the defendant; or
    c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value . . . .
    . . . .

ing that the court's exercise of *in personam* jurisdiction over him did not violate due process of law. Defendant's argument follows the two-step analysis suggested by our Supreme Court in *Dillon v. Funding Corp.,* 291 N.C. 674, 675-76, 231 S.E. 2d 629, 630-31 (1977) and followed in *Buying Group, Inc. v. Coleman*, 296 N.C. 510, 513, 251 S.E. 2d 610, 613 (1979).

**[1]** The "long arm" statute has been the subject of a number of recent decisions of our appellate court and the federal courts. These cases have consistently held that the provisions of the statute are to be liberally construed in favor of finding personal jurisdiction, consistent with due process limitations under the Fourteenth Amendment to the United States Constitution.

The facts, shown by admissions or affidavits before the trial court, tend to show the following circumstance and events. In April 1973, Bagley was a resident of Forsyth County, and a principal shareholder, officer and director of The Washington Group, Inc., a North Carolina corporation. In April 1973, Washington Mills-Retail, Inc., a North Carolina corporation and a subsidiary of the Washington Group, acquired all or substantially all of the capital stock of Johnston Mills Company, and in the process, entered into the agreement with Johnston. The agreement in pertinent part provided for the employment of Johnston for a period of eighteen years and required Johnston to provide specified services, some of which were to maintain a liaison between Johnston Mills and banks in the metropolitan Charlotte, North Carolina area. It also required him to maintain an office in the metropolitan Charlotte area. We hold that these provisions specifically include services to be performed in North Carolina, and are in themselves sufficient to bring this case within the provisions of the long-arm statute. In addition, the contract called on plaintiff to perform a variety of other services, which included serving as an officer or director of Johnston Mills, Washington-Retail, and The Washington Group, all North Carolina corporations, and assisting Johnston Mills in its relationships with city, county, and state governments. These contractual provisions clearly imply services to be performed to some extent in North Carolina. On these facts defendant simply cannot prevail on his argument that the statute does not authorize *in personam* jurisdiction over defendant Bagley.

**[2]** We now turn to the minimum contacts aspect of this case. In *Buying Group, supra,* our Supreme Court stated the minimum con-

tacts standard as follows:

> The constitutional standard to be applied in determining
> whether a State may assert personal jurisdiction over a
> nonresident defendant is found in the landmark case of
> *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed.
> 95, 66 S.Ct. 154 (1945): "[D]ue process requires only that in
> order to subject a [nonresident] defendant to a judgment *in
> personam*, . . . he have certain minimum contacts with [the
> forum State] such that the maintenance of the suit does not
> offend 'traditional notions of fair play and substantial jus-
> tice.'" We noted in *Chadbourn, Inc. v. Katz,* 285 N.C. 700,
> 208 S.E. 2d 676 (1974), that the "minimum contacts"
> standard delineated in *International Shoe* did not mean that
> all due process restrictions on the personal jurisdiction of
> state courts had been removed. In *Chadbourn,* quoting from
> *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed.2d 1283, 78 S.Ct.
> 1228 (1958), we stressed that while application of the min-
> imum contacts standard "will vary 'with the quality and
> nature of defendant's activity, . . . it is essential in each case
> that there be some act by which defendant purposefully
> avails itself of the privilege of conducting activities within
> the forum State, thus invoking the benefits and protection
> of its laws.'" Absent such purposeful activity by defendant
> in the forum State, there can be no contact with the forum
> State sufficient to justify personal jurisdiction over defend-
> ant. *Accord, Hanson v. Denckla, supra; Chadbourn, Inc. v.
> Katz, supra.*

*Buying Group, supra,* at 515, 251 S.E. 2d at 614.


Applying that standard to this case, in light of Bagley's residence
in the state and his participation in the management of those North
Carolina corporations which acquired Johnston Mills' stock, another
North Carolina corporation, it is clear that Bagley's contacts with
Johnston Mills, the employer, and Johnston, the employee, were
neither casual nor fortuitous.[2] As a guarantor of the promises made by
Johnston Mills and Washington-Retail, Bagley manifested a direct and
substantial interest in these transactions, purposely availed himself
of the privilege of conducting activities within North Carolina, and

---

[2] *See Buying Group, supra,* at 516.

invoked in one aspect or another the benefit and protection of the laws of North Carolina.[3] These were mutual promises and obligations entered into by people residing in the state and corporations chartered by the state. It was manifestly proper for the trial court to conclude that the maintenance of this suit in North Carolina against Bagley did not offend "traditional notions of fair play and substantial justice."[4]

Defendant argues that because he moved out of the state in 1975 and has not resided in the state since that time, the constitutionally required minimum contacts no longer exist and that these circumstances defeat jurisdicition. Defendant cites no authority for this proposition and we know of none. We hold that the minimum contacts standard can be reasonably applied only to the circumstances and events giving rise to the promises referred to in G.S. 1-75.4(5), and not to the circumstances giving rise to a breach. It does not seem reasonable to assume that the General Assembly intended the "long arm" of the statute to be cut off at the elbow by the mere transience of defaulting promisors. *See Pope v. Pope*, 38 N.C. App. 328, 331, 248 S.E. 2d 260, 262 (1978).

Defendant also argues that because defendant here is a guarantor of Johnston Mills' contract, his obligation, if any, to plaintiff is to pay the debt of another and not to pay for plaintiff's services — *ergo,* Bailey is not a "defendant" who has promised to pay for services, as that term is used in the statute. It is settled law that a guarantee of payment is an absolute promise, a direct and original undertaking by one person to answer for the payment of a debt *or the performance of some contract or duty* in case of default of another person who is liable for such payment *or performance* in the first place. *See Investment Properties v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972); *SNML Corp. v. Bank,* 41 N.C. App. 28, 36, 254 S.E. 2d 274, 279, *disc. rev. denied,* 298 N.C. 204, —— S.E. 2d —— (1979). It is, therefore, clear, and we so hold, that as a guarantor of the contract with Johnston, Bagley is a defendant within the meaning of G.S. 1-75.4(5)(a), (b) and (c).

Defendant also argues that if the court did not have *in personam* jurisdiction over Bagley, service by registered mail under G.S. 1A-1, Rule 4(j)(9)b of the Rules of Civil Procedure was invalid. In that we

---

[3] *See Buying Group, supra.*

[4] *International Shoe Co. v. Washington, supra,* 90 L.Ed. at 102.

have found *in personam* jurisdiction, this argument is without merit.

We hold that the trial court had *in personam* jurisdiction over the defendant Bagley in this case, that Bagley was properly served with process in this case, and that the order of the trial court should be and is

Affirmed.

Judges VAUGHN and MARTIN (Robert) concur.