BRENDA MOORE, AS GUARDIAN FOR CLAUDIUS JIAMACHELLO MOORE, A
MINOR v. LARRY G. WILSON

No. 8212DC869

(Filed 21 June 1983)

**Constitutional Law § 24.7; Process § 9.1— nonresident defendant—personal
jurisdiction—minimum contacts**

    Defendant's contacts with this State were sufficient to permit the courts
of this State to assert personal jurisdiction over defendant in a child support
action under G.S. 1-75.4 and due process standards where plaintiff fathered the
child in North Carolina and signed an acknowledgment of paternity and volun-
tary support agreement in this State.

APPEAL by defendant from *Keever, Judge.* Order entered 21
May 1982 in District Court, CUMBERLAND County. Heard in the
Court of Appeals 7 June 1983.

This is a civil action brought by plaintiff for child support.
Defendant moved to dismiss the complaint for lack of personal
jurisdiction. From an order denying his motion, defendant ap-
pealed.

*Cooper, Davis, Eaglin & DeSilva, by Paul B. Eaglin, for
plaintiff-appellee.*

*McLeod and Senter, by Joe McLeod for defendant-appellant.*

WELLS, Judge.

The sole issue raised by defendant is whether the trial court
erred in ruling that it has personal jurisdiction over defendant.
Defendant argues that there is insufficient evidence to support
the Court's findings of fact and conclusion that he has had suffi-
cient minimum contacts with North Carolina to establish jurisdic-
tion. We disagree.

The question of personal jurisdiction is controlled by a two
part test: (1) statutory prerequisite must be met and (2) elements
of due process must be satisfied. The crucial inquiry in applying
this test is whether the defendant has had enough minimum con-
tact with the state to satisfy standards of due process and tradi-
tional notions of fair play and substantial justice. *See Johnston v.
Gilley,* 50 N.C. App. 274, 273 S.E. 2d 513 (1981) and cases cited
and discussed therein.

The trial judge made findings of fact which include the following:

. . .

(2) That Defendant signed an acknowledgement of paternity and voluntary support agreement for this child on November 22, 1974, in Forsyth County, North Carolina; that said document was filed in Cumberland County, North Carolina.

(3) That in February 1975, Defendant was found guilty of criminal non-support of said Plaintiff minor child in Cumberland County.

(4) That in 1976 Defendant was found to be in contempt of the criminal order of this court in Cumberland County, North Carolina.

. . .

(6) . . . That Defendant has complied with the criminal order of the Cumberland County Court for the last six years and has made payments for the support of this minor child through the Cumberland County Clerk of Court's office.

. . .

Defendant argues that these findings have no factual basis because the only evidence considered by the trial judge in making these findings was plaintiff's complaint. However, defendant took no exception to any of the above findings of fact and excepted only to the judge's conclusion, "[t]hat these are more than adequate minimum contacts of the defendant with the State of North Carolina, and the traditional notions of fair play and substantial justice are not offended by hearing the case here," and to the judge's denial of the motion to dismiss. Findings of fact not excepted to by the defendant are presumed to be supported by the evidence and are binding on appeal. *Swygert v. Swygert*, 46 N.C. App. 173, 264 S.E. 2d 902 (1980).

In our opinion the trial court's findings of fact support the conclusion that defendant's contacts with North Carolina were substantial enough to meet both the statutory requirements of G.S. 1-75.4 and due process standards. Defendant's fathering of

the infant plaintiff in North Carolina and his signing of an acknowledgment of paternity and a voluntary support agreement indicate that defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protections of the law of the forum. *Compare Brown v. Brown,* 47 N.C. App. 323, 267 S.E. 2d 345 (1980).

The order denying defendant's motion to dismiss for lack of personal jurisdiction is affirmed.

Affirmed.

Judges HEDRICK and PHILLIPS concur.