JAMES ANDREW HAWLEY, Plaintiff v. CHARLES SAMUEL CASH and ROSEWAY TRANSPORTATION, INC., Defendants

No. COA02-93

(Filed 31 December 2002)

### 1. Motor Vehicles— contributory negligence—slow driving

Driving slower than the posted speed limit was not sufficient to support contributory negligence by a driver rear-ended by a tractor-trailer on an interstate where there was no posted minimum and the court found that plaintiff's speed would not have impeded the normal and reasonable movement of traffic. The trial court did not err by granting plaintiff's motion for a directed verdict on the defense of contributory negligence.

### 2. Damages and Remedies— motion for a new trial—denied—award not excessive

The trial court's denial of defendants' motion for a new trial for excessive damages for a $2.5 million personal injury verdict to a 76 year old plaintiff was not an abuse of discretion.

### 3. Damages and Remedies— punitive—spoilation of documents—summary judgment

The trial court correctly granted defendants' motion for partial summary judgment on punitive damages in an automobile collision case where plaintiff based its appeal on the alleged spoilation of documents by defendants. Plaintiff did not forecast any evidence that would have supported punitive damages and pointed to nothing supporting such a claim in the discovery material he claims was inappropriately destroyed.

Appeal by defendants from order entered 12 July 2001 by Judge J.B. Allen, Jr. denying defendants' motion for a new trial. Appeal by plaintiff from order granting summary judgment entered 27 March 2001 by Judge J.B. Allen, Jr. in Granville County Superior Court. Heard in the Court of Appeals 10 October 2002.

*Jones, Martin, Parris & Tessener, P.L.L.C., by Hoyt G. Tessener and Elizabeth C. Todd, for plaintiff-appellee.*

*Womble, Carlyle, Sandrige & Rice, P.L.L.C., by Clayton M. Custer and Bryan D. Graham, and Roberts & Stevens, by Frank P. Graham, Kenneth R. Hunt and Wyatt S. Stevens, for defendant-appellants.*

CAMPBELL, Judge.

Defendants, Charles Cash ("Mr. Cash") and Roseway Transportation, Inc., appeal from a judgment granting plaintiff, James Hawley ("Mr. Hawley"), $2.5 million for personal injury and $20,000 for property damages. Defendants appeal the denial of their motion for new trial. On appeal, defendants contend that the trial court erred in two ways: I. By granting plaintiff's motion for directed verdict as to defendants' claim that plaintiff was contributorily negligent in causing the collision; and II. By denying defendants' motion for new trial because the damages awarded were excessive, the evidence was insufficient to justify the verdict, the jury manifestly disregarded the court's instructions, and the verdict was contrary to law. We disagree. Accordingly, we affirm the lower court's judgment.

On 17 August 1999, at around six o'clock in the morning, defendant, an employee of Roseway Transportation, Inc., was driving a tractor-trailer on Interstate 85 near Oxford. At approximately the same time, plaintiff was driving his 1969 pickup truck to work. Plaintiff entered Interstate 85 at exit 204. After plaintiff had traveled seven-tenths of a mile north of exit 204, defendant hit plaintiff's truck from behind, causing plaintiff's truck to cross the median and overturn. The one independent eyewitness to the accident, Julian Lowery ("Mr. Lowery"), testified that he was driving north on Interstate 85 in the passing lane. Mr. Lowery estimated that Mr. Cash was traveling at about 65 miles per hour and that Mr. Hawley was driving at 45-50 miles per hour even though this was a 65 mile per hour zone. Mr. Lowery testified that he noticed Mr. Cash "had his cab light on, and was leaning a little bit over to the inside, like he was getting something between the seats or something." After Mr. Lowery passed the tractor-trailer, he "passed this pickup truck that was running slower than the tractor and trailer." When Mr. Lowery looked in his rearview mirror after passing the pickup truck, he saw the tractor-trailer hit the pickup truck "right dead center in the back end, and knocked it across the median, and flipped it upside down." The parties stipulated that defendant Cash was negligent. Thus, the only issue before the jury was what amount of compensatory damages plaintiff was entitled to recover for personal injury and for property damage. Mr. Cash died, of causes unrelated to the accident, before service of the complaint. Roseway Transportation was included as a defendant under the theory of respondeat superior.

I. <u>Contributory Negligence Issue</u>

**[1]** Defendants first argue that the trial court erred in granting plaintiff's motion for directed verdict on defendants' affirmative defense of contributory negligence. In defendants' amended answer to plaintiff's amended complaint, defendants stated as an affirmative defense:

> Plaintiff was contributorily negligent in that he traveled on an interstate highway at an excessively slow speed, without activating his four-way flashers. Said low speed was in violation of G.S. § 20-141(c) and (h) or, in the alternative, was less speed than a reasonably prudent person would be using under the circumstances.

In his reply, plaintiff "denie[d] the allegations of negligence . . . and denie[d] that any negligence on [his] part . . . contributed to or was the cause of his injury."

In ruling on a motion for directed verdict, we apply the same standard of review as on a motion for judgment notwithstanding the verdict. *Holcomb v. Colonial Associates, L.L.C.*, 153 N.C. App. 413, 416, 570 S.E.2d 248, 250 (2002). Appellate review requires this Court to examine " 'all the evidence in the light most favorable to the non-moving party,' " give that party " 'the benefit of every reasonable inference drawn therefrom' " and determine if " 'the evidence is sufficient to be submitted to the jury.' " *Branch v. High Rock Realty, Inc.*, 151 N.C. App. 244, 250, 565 S.E.2d 248, 252 (2002) (quoting *Fulk v. Piedmont Music Ctr.*, 138 N.C. App. 425, 429, 531 S.E.2d 476, 479 (2000)). The trial court correctly denies a motion for directed verdict " 'if there is more than a scintilla of evidence supporting each element of the non-movant's claim.' " *Id.* (quoting *Norman Owen Trucking v. Morkoski*, 131 N.C. App. 168, 172, 506 S.E.2d 267, 270 (1998)).

Furthermore, "[w]ith respect to contributory negligence as a matter of law, '[t]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes [plaintiff's] negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge.' " *Rappaport v. Days Inn*, 296 N.C. 382, 384, 250 S.E.2d 245, 247 (1979) (quoting *Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E.2d 506, 510 (1976)); *see also Edwards v. Cerro*, 150 N.C. App. 551, 564 S.E.2d 277 (2002).

In the subject case, the situation is unusual in that *plaintiff* made the motion for directed verdict on defendants' defense of contributory negligence at the close of all the evidence at trial. In most cases that set out the applicable standard of review, the defendant moves for a directed verdict on its affirmative defense that the plaintiff is barred from recovery as a result of plaintiff's contributory negligence. Thus, the evidence viewed in the "light most favorable to the non-moving party," is normally viewed in the light most favorable to the plaintiff. Here, however, the evidence must be considered in the light most favorable to defendants, since plaintiff was the moving party. Therefore, "if there is more than a scintilla of evidence supporting each element of [defendants'] claim" that plaintiff was contributorily negligent, then the issue should have been submitted for the jury to decide. Here, the trial court did not find that sufficient evidence of plaintiff being contributorily negligent exists such that the jury should have been allowed to decide. In clarifying its granting of plaintiff's motion for directed verdict, the trial court stated:

> [T]he only evidence at all that could be showing any negligence would be that [Mr. Hawley] was operating [his truck] too slow [sic] to . . . "impede the normal and reasonable movement" of traffic . . . all the evidence tends to show that the defendant, Cash, was operating the tractor-trailer and struck Mr. Hawley square in the . . . back of the pickup truck. That there were no skid marks. There was no evidence of any movement of the tractor-trailer to avoid the [] striking of the pickup truck. There is evidence that tends to show that Mr. Cash didn't see the pickup truck before the impact . . . The Court finds that Mr. Hawley has testified . . . that he was proceeding fifty (50) to fifty-five (55) at the time of the collision. There is evidence that tends to show that the . . . State trooper, who is an experienced law enforcement officer involved in investigating accidents . . . estimated that Mr. Hawley was going about fifty (50) miles per hour . . . The Court does find as a fact that from all of the evidence that even if Mr. Hawley was going forty (40) to forty-five (45) miles per hour when it [sic] was not any minimum speed, that the Court finds that this would not have impeded the normal and reasonable movement of the traffic of someone keeping a proper lookout, and keeping their vehicle . . . under control, and not ramming someone in the back. And the Court does find as a fact that taking all of the evidence in the light most favorable to the defendant in this case, that even if the vehicle was going . . . "approximately forty (40) miles per

hour," [as Mr. Cash testified before he died], that in considering all the evidence in this case that the Court should not submit [the] contributory issue to the jury. The Court finds and rules as a matter of law that there is insufficient evidence in this case for this Court to allow an issue of contributory negligence to go to the jury. That the only possible issue of negligence on behalf of the defendant would be driving . . . at a slow speed to impede the normal and reasonable movement of traffic, and the Court is going to allow the directed verdict on contrib[utory negligence].

The trial court found as a fact that Mr. Hawley was driving slower than the posted speed limit and that no minimum speed limit was posted. Driving slower than the speed limit is not unlawful unless it is so slow as to "impede the normal and reasonable movement of traffic" in violation of N.C. Gen. Stat. § 20-141(c) and (h). The evidence produced at trial was not sufficient enough to show that Mr. Hawley was contributorily negligent even by "a scintilla." We find no error in the trial court's ruling on this issue.

II. Excessive Damages Issue

[2] Defendants' second argument is that the trial court erred in denying his motion for new trial because the damages were excessive and appeared to be the result of passion or prejudice, the evidence was insufficient to justify the verdict, the jury manifestly disregarded the court's instructions, and the verdict was contrary to law. It is has long been established that in reviewing the lower court's denial of the defendant's motion for new trial, this Court must decide whether the record "affirmatively demonstrates an abuse of discretion." *Whaley v. White Consol. Indus., Inc.*, 144 N.C. App. 88, 92, 548 S.E.2d 177, 180, *disc. rev. denied*, 354 N.C. 229, 555 S.E.2d 277 (2001). N.C. Gen. Stat. § 1A-1, Rule 59 provides that new trial may be granted for:

> Manifest disregard by the jury of the instructions of the court; . . . Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice; . . . Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law[.]

N.C. Gen. Stat. § 1A-1, Rule 59(a)(5)-(7) (2001). In the case at bar, in denying defendants' motion for new trial, the trial court noted in its findings that defendants "argued for a new trial on the issue of personal injury damages only and abandoned [their] motion for a new trial on the issue of property damages." Thus, defendants' request is

HAWLEY v. CASH

[155 N.C. App. 580 (2002)]

based solely on the $2.5 million verdict awarded to plaintiff for personal injury damages. The trial court made the following findings at the hearing on the motion for new trial:

9. The Court . . . finds that there is evidence presented to the jury which tends to show . . . there was a permanent injury, a brain damage, as [a] result of this collision . . . [and] that Plaintiff could not continue to work, and even though he was 76 years old and had worked regularly and had a life expectancy of 9.5 years, that he had spent quite a deal of his time working in his yard and in his flower garden and he was unable to pursue those interests . . . that his normal relations and fellowship with his family and friends were diminished as a result of the injuries he received in this collision.

10. The Court finds that the law is that a motion for new trial is in the sound discretion of the trial court.

11. The Court finds that there was sufficient and admissible evidence for this jury to award the $2.5 million in damages for the personal injuries suffered by Plaintiff.

12. The Court finds that there is nothing in the record to indicate that the jury disregarded the Court's instructions or that the award for personal injury damages was excessive. And the Court does find that there was sufficient evidence to justify the verdict and that the verdict was not contrary to law.

13. The Court finds that this trial court is not empowered to change a jury's verdict, however the Court has sound discretion to either order a new trial or deny a motion for new trial.

14. The Court in recalling the actual trial of this matter and the evidence presented, finds as a fact that there is nothing to indicate that the jury disregarded the instructions of the Court. That this Court specifically told the jury they were not to award any damages based on pity or sympathy. The Court does find that there was evidence presented to this jury to justify the verdict that the jury gave, and there is nothing in the evidence, or the record of this trial, to show that the jury acted under passion or prejudice.

Absent an obvious "substantial miscarriage of justice," this Court cannot overturn a trial court's denial of a motion for new trial. *Whaley* at

92, 548 S.E.2d at 180 (citation omitted). From our review of the record, we find no abuse of discretion in the trial court's ruling on defendants' motion for new trial. We affirm.

[3] Finally, plaintiff appealed the trial court's granting of defendants' motion for partial summary judgment on plaintiff's punitive damages claim. Plaintiff's appeal is based on defendants' alleged spoliation of documents that plaintiff could have utilized in establishing a claim for punitive damages.

In reviewing a trial court's ruling on a motion for summary judgment, we must determine whether: "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Adams v. Jefferson-Pilot Life Ins. Co.*, 148 N.C. App. 356, 359, 558 S.E.2d 504, 506-7, *disc. rev. denied*, 356 N.C. 159, 568 S.E.2d 186 (2002) (quoting *Von Viczay v. Thoms*, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001) (citations omitted)). Based on a careful review of the record, we conclude that the trial court did not err in its ruling to grant defendants' summary judgment motion. Plaintiff did not forecast any evidence that would have supported a punitive damages claim. Further, plaintiff points to nothing that might be contained in the discovery material he claims was inappropriately destroyed which would support such a claim. We conclude that defendants were entitled to judgment as a matter of law as to this issue and the trial court correctly granted defendants' motion for partial summary judgment.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.