JOHN E. JONES AND WIFE, FRANCES E. JONES, PETITIONERS v. GEORGE D. ROBBINS, JR., MAXINE ROBBINS BRINKLEY, AND HUSBAND, MARTIN C. BRINKLEY, MARY P. COSTON, BRIAN F. COSTON AND WIFE, TRACY H. COSTON, WILLIAM H. COOK AND WIFE, JACQUELINE L. COOK, WILLIAM H. ROBBINS, JR., CORBETT INDUSTRIES, INCORPORATED, BLUE BANKS PLANTATION, LLC, AND FIRST BAPTIST CHURCH OF WILMINGTON, NORTH CAROLINA, SUCCESSOR IN INTEREST TO THE ESTATE OF JAMES H. SMITH, RESPONDENTS

No. COA07-375
No. COA07-488

(Filed 6 May 2008)

## 1. Highways and Streets— cartway proceeding—sufficiency of evidence

The trial court did not err by denying respondent Corbett Industries' motion for judgment notwithstanding the verdict in a cartway proceeding where Corbett contended that petitioners did not present sufficient evidence about the location of its property, petitioners' property, and public roads, and that petitioners were required to show that its land would be affected by the proposed cartway. The petition must be served on those whose property will be affected, ensuring that any party whose land may be affected by the placement of the cartway has notice and an opportunity to be heard. The location of the cartway is for the jury of view. Corbett is seeking to add a fourth element to petitioners' burden of proof in the first part of the cartway proceeding.

## 2. Highways and Streets— cartway proceeding—jury instruction—use of property

The trial court did not abuse its discretion in a cartway proceeding by refusing to give a jury instruction requested by respondent Corbett on the use of the property. The case on which Corbett relies was tried before a judge without a jury, and jury instructions were not an issue. The court's instructions here fairly and accurately stated the element of proof as to the use of the property; petitioners are not required to prove that one of the statutory purposes was the exclusive use or the proposed use of the land.

## 3. Highways and Streets— order for jury view—not a judgment

The trial court erred in a cartway proceeding by determining that a prior ruling was a judgment and setting an appeal bond

where the prior ruling remanded the case to the clerk for a jury view to establish the location of the cartway. That prior order did not direct the sale or delivery of possession of the property, which is the definition of a judgment in N.C.G.S. § 1-292.

Appeal by respondent Corbett Industries, Incorporated from judgment entered 23 August 2006 and order entered 1 November 2006 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 13 November 2007.

*Lawrence S. Craige & Associates, P.A., by Lawrence S. Craige, for petitioners-appellees.*

*Stevens, McGhee, Morgan, Lennon, Toll & Carter, L.L.P., by Richard M. Morgan, for respondent-appellant Corbett Industries, Incorporated.*

*Crossley, McIntosh & Collier, PLLC, by Clay Allen Collier, for respondent-appellee First Baptist Church of Wilmington, North Carolina.*

STEELMAN, Judge.

Where the precise location of respondents' properties and the location of a proposed cartway were not an issue before the jury, the trial court did not err in denying appellant's motions for directed verdict or judgment notwithstanding the verdict. The trial court did not abuse its discretion in refusing to give a proposed jury instruction pertaining to appellant's assertion that petitioners intended to develop the property for residential purposes. The trial court erred in setting an appeal bond in this matter.

## I. Factual and Procedural History

Petitioners are the owners of a tract of land located in Brunswick County, North Carolina. Respondents are owners of properties that adjoin the petitioners' property or that lie between petitioners' property and a public road. Petitioners' property does not abut a public road. In 2004, respondent Robbins locked a gate barring petitioners from access to their property over a road that they had used for many years. On 18 February 2005, petitioners instituted this action seeking to have a cartway established to provide access to their property, pursuant to N.C. Gen. Stat. §§ 136-68 and 136-69.

The petition alleged that petitioners were "engaged in the cultivation of said land and/or the cutting and removal of standing timber"

and that "there is no public road or adequate means of transportation, other than over the Respondent's land, to the Petitioner's property." On 3 June 2005, the Clerk of Superior Court denied the petition. This ruling was appealed to the Superior Court. On 8 February 2006, Judge Lewis entered an order allowing Corbett Industries, Incorporated ("Corbett Industries" or "appellant"), Blue Banks Plantation, and the Estate of James H. Smith as additional respondents. The order stated that these respondents were "parties who own property which may be considered as the location of reasonable access to the Petitioner's tract. . . ." On 27 June 2006, an order was entered substituting First Baptist Church of Wilmington, North Carolina as a respondent in lieu of the Estate of James H. Smith. The church was the devisee of the lands in question under the Smith will.

This matter came on for trial at the 26 June 2006 session of Superior Court. A single issue was submitted to the jury: "Are the petitioners entitled to the establishment of a means of entry to and exit from their land over the land of the respondents?" The jury answered the question in the affirmative. On 23 August 2006, Judge Lewis entered a judgment in favor of petitioners and ordered the matter remanded to the Clerk of Superior Court for "appointment of a jury view."

On 6 September 2006, respondent Corbett Industries filed notice of appeal from this judgment (COA07-375).

On 2 October 2006, petitioners filed a motion seeking access over respondents' lands pending Corbett Industries' appeal. On 1 November 2006, Judge Lewis entered an order denying petitioners' motion, but holding that the judgment entered on 23 August 2006 was a judgment under N.C. Gen. Stat. § 1-292, and that if Corbett Industries desired to stay execution of the judgment, it was required to post a bond. The court set the amount of the bond at five hundred dollars ($500.00). On 27 November 2006, respondent Corbett Industries filed notice of appeal from this order (COA07-488).

## II.  Appeal of 23 August 2006 Judgment

### A.  Denial of Corbett Industries' Rule 50 Motions

[1] In its first argument, Corbett Industries contends that the trial court erred in denying its motions for a directed verdict at the close of petitioners' evidence and at the close of all the evidence, and for judgment notwithstanding the verdict. We disagree.

We first note that following the denial of its motion for a directed verdict at the close of petitioners' evidence, respondent Corbett Industries offered evidence. By offering evidence at trial, Corbett Industries has waived appellate review of the denial of this motion. *Woodard v. Marshall*, 14 N.C. App. 67, 68, 187 S.E.2d 430, 431 (1972). However, by moving for judgment notwithstanding the verdict, it preserved for appellate review its arguments made at the close of all the evidence. *Id.*

In reviewing motions for a directed verdict or for judgment notwithstanding the verdict, this Court examines the evidence in the light most favorable to the non-moving party, giving that party the benefit of every reasonable favorable inference, and determines whether there was sufficient evidence to submit the issue to a jury. *E.g.*, *Hawley v. Cash*, 155 N.C. App. 580, 582, 574 S.E.2d 684, 686 (2002). The trial court correctly denies such motions where "there is more than a scintilla of evidence supporting each element of the non-movant's claim." *Id.* (internal quotations and citations omitted). The reviewing court does not weigh the evidence or assess credibility, but takes petitioners' evidence as true, resolving any doubt in their favor. *E.g.*, *In re Will of Dupree*, 80 N.C. App. 519, 521, 343 S.E.2d 9, 10 (1986).

Cartway proceedings are governed by the provisions of N.C. Gen. Stat. §§ 136-68 and 136-69, which contemplate a bifurcated procedure. First, it must be determined whether the petitioner has a right to a cartway. In order to establish such a right, the petitioner must establish three things:

> 1) the land in question is used for one of the purposes enumerated in the statute; 2) the land is without adequate access to a public road or other adequate means of transportation affording necessary and proper ingress and egress; and, 3) the granting of a private way over the lands of *other persons* is necessary, reasonable and just.

*Greene v. Garner*, 163 N.C. App. 142, 147, 592 S.E.2d 589, 592-93 (2004) (quoting *Davis v. Forsyth County*, 117 N.C. App. 725, 727, 453 S.E.2d 231, 232, *disc. review denied*, 340 N.C. 110, 456 S.E.2d 313 (1995)). Second, "[o]nce the right to a cartway has been determined, the mechanics of locating and laying it off is for the jury of view—it is for them to determine the location, its termini, and the land to be burdened thereby." *Candler v. Sluder*, 259 N.C. 62, 67,

130 S.E.2d 1, 5 (1963) (citing G.S. 136-69; *Triplett v. Lail*, 227 N.C. 274, 41 S.E.2d 755).

In the instant case, respondent Corbett Industries contends that petitioners failed to present sufficient evidence as to the precise location of its property in relation to the property of petitioners and to public roads. It further contends that petitioners were required to show that its land would be affected by the proposed cartway. Counsel for Corbett Industries openly acknowledges that there is no case in North Carolina raising this issue.

Corbett Industries' argument places the cart before the horse. N.C. Gen. Stat. § 136-68 (2007) requires that the petition be served upon "persons whose property will be affected thereby." This ensures that any party, including appellant, whose land may be affected by the eventual placement of a cartway has notice and an opportunity to be heard on the issue of whether petitioner has the right to a cartway. However, the location of a cartway "is for the jury of view," *Candler*, 259 N.C. at 67, 130 S.E.2d at 5, not for the first phase of the bifurcated proceedings. *Candler* makes it clear that a party to a cartway proceeding has a right to appeal both the entitlement of the petitioner to a cartway and its ultimate location by jury view. *Id.* at 66-67, 130 S.E.2d at 4-5. Corbett Industries is seeking to add a fourth element to petitioners' burden of proof in the first part of the cartway proceeding. We decline to adopt such a requirement when this very issue is reserved for the second phase.

This argument is without merit.

## B. Jury Instructions

[2] In its second argument, Corbett Industries contends that the trial court erred in refusing to give a jury instruction requested by Corbett. We disagree.

This issue pertains to the jury instructions on the element of petitioners' claim to establish the right to a cartway, requiring petitioners to show that their land was being used for one of the purposes enumerated in the statute. The trial court instructed the jury that petitioner had to prove by the greater weight of the evidence:

> . . . that the petitioners are engaged in, or are preparing to engage in one or more of the activities for which the law provides a right to claim a means of entry to and exit from their land. These activities include cultivation of land, and/or cutting or removal of

standing timber. The petitioners are not required to prove that their land will be used only for the cultivation of land, and/or the cutting and removal of standing timber, and for no other purpose. It is sufficient that the cultivation of land and/or the cutting and removal of standing timber is one of the uses to which their land is, or will be put. In this case, the petitioners claim to be engaged in cultivation and/or preparing for cultivation, of their land. To be engaged in cultivation means to use the land for raising crops for either commercial purposes or personal use. To be prepared for the cultivation of land and/or the cutting and removal of standing timber, means that the petitioners are ready to begin cultivating the land, and/or cutting and removing standing timber once they have a means of entry to and exit from their land. The petitioners need not have taken action on the land itself, to prove that they are preparing to begin cultivating the land, and/or cutting and removing standing timber. Other activities by the petitioners relating to the proposed use of the land, would constitute some evidence that the petitioners are preparing for cultivating the land, and/or cutting and removing standing timber.

This instruction conformed with North Carolina pattern jury instructions. 1 N.C.P.I.—Civil 840.30 (2000).

Respondent Corbett Industries requested the following additional language:

However, in deciding whether petitioners are engaged in (or are preparing to engage in) one or more of the activities for which the law provides a right to claim a means of entry to and exit from their land, you may consider evidence that tends to show the petitioners seek to establish a cartway over the respondents' land for the residential development of petitioners' land rather than the cultivation or cutting and removal of standing timber from petitioners' land.

In reviewing whether the trial court erred in denying appellant's request for jury instructions, we must review the jury instruction "contextually and in its entirety." *Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002) (citation omitted). The charge will be deemed sufficient if it presents the law of the case so that there is no reasonable cause to believe that the jury was misled. *Id.* "Refusal of a requested charge is not error where the instructions fairly represent the issues. The decision whether to give [an] instruction[] is within

the trial court's sound discretion, and will not be overturned absent an abuse of discretion." *Osetek v. Jeremiah*, 174 N.C. App. 438, 440, 621 S.E.2d 202, 204 (2005) (internal citations omitted).

We note that Corbett Industries bases its entire argument upon one case, *Turlington v. McLeod*, 79 N.C. App. 299, 339 S.E.2d 44 (1986) ("*Turlington I*"), where this Court held that a petitioner with reasonable access through a permissive right of way is not entitled to a cartway. *Id.* at 305, 339 S.E.2d at 49. *Turlington I* was followed by *Turlington v. McLeod*, 323 N.C. 591, 374 S.E.2d 394 (1988) ("*Turlington II*"), in which our Supreme Court upheld the awarding of a cartway to Turlington, based upon the harvesting of timber for firewood, an activity specifically found by the trial court in *Turlington I*. Appellant contends that the *Turlington I* Court held that "a cartway will not be allowed when the petitioner is not legitimately putting his land to an approved use but is instead . . . attempting to show a statutory use in order to establish a cartway to further his actual intended use, which was a commercial use not allowed by statute."

We hold that *Turlington I* is not controlling in the question of Corbett Industries' proposed jury instructions in this case. *Turlington I* was tried before a judge and not a jury. Thus, jury instructions were not at issue. In concluding that the "question of usage was properly one for the factfinder[,]" the *Turlington I* Court observed that "the trial court was obviously familiar with the rule of *Candler* that petitioner's commercial use of the land would not defeat his right to a cartway if he could also show a legitimate statutory use of the land." *Turlington I*, 79 N.C. App. at 303, 339 S.E.2d at 47. Indeed, the *Candler* rule succinctly states the law of this case.

The trial court's instructions fairly and accurately stated the petitioners' element of proof as to the use of their property. *Candler*, 259 N.C. at 65, 130 S.E.2d at 4. Appellant's requested instructions gave undue emphasis to Corbett Industries' contention that petitioners intended to use the land for future residential development, which, while not enumerated under the statute, does not defeat petitioners' right to a cartway. *Id.* The statute does not require petitioners to prove that one of the statutory purposes was the exclusive usage or proposed usage of the land. We thus hold that the trial court did not abuse its discretion in refusing to give appellant's requested instruction.

This argument is without merit.

## III. Appeal of Order of 1 November 2006

[3] In its third argument, Corbett Industries contends that the trial court erred in ruling that the judgment of 23 August 2006 was a judgment under N.C. Gen. Stat. § 1-292 and setting an appeal bond. We agree.

N.C. Gen. Stat. § 1-292 provides that, when a judgment "directs the sale or delivery of possession of real property, the execution is not stayed, unless a bond is executed[.]" N.C. Gen. Stat. § 1-292 (2007).

In her order of 1 November 2006, Judge Lewis denied petitioners' motion to gain access over respondents' lands pending the outcome of appeal COA07-375. The 23 August 2006 judgment remanded the case to the Clerk of Superior Court for a jury view to establish the location of the cartway. As such, it does not "direct the sale or delivery of possession of real property." As discussed above, the judgment of 23 August 2006 only established petitioners' right to a cartway, not its location.

We hold that the trial court erred in setting an appeal bond in this matter.

As to appeal COA07-375: NO ERROR.

As to appeal COA07-488: REVERSED.

Judges WYNN and GEER concur.